NOT FOR PUBLICATION                                                                                  **CLOSED**

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

_____
                                    :
WILLIAM MENTER,                     :
                                    :   Civil Action No. 13-5758 (SRC)
            Petitioner,             :
                                    :
        v.                          :
                                    :   **MEMORANDUM OPINION**
CHARLES WARREN, et al.,             :
                                    :   **AND ORDER**
            Respondent.             :
_____:

**CHESLER**, District Judge

On April 18, 1996, Petitioner, a state prisoner, pled guilty to three counts of murder, as well as to attempted murder, aggravated assaults and weapon offenses. See ECF No. 1, at 1-2; see also State v. Menter, 2012 WL 3964481, at *2 (N.J. Super. Ct. App. Div., Sep. 12, 2012). ("[The] conviction stemmed from the murder of three members of the Roberts family and the attempted murder of a fourth member, at their home in Jersey City").[1] "The aggregate sentence imposed on [Petitioner] was three life terms with ninety years of parole ineligibility, plus a twenty-year term with ten years of parole ineligibility. . . . [Petitioner] filed a notice of appeal limited to sentencing issues. . . . [The Appellate Division] denied [his] request for a reduction in the custodial sentences." Menter, 2012 WL 3964481, at *2.[2]

---

[1] The plea deal was highly favorable to Petitioner, who obtained the State's agreement "not to seek the death penalty on the three counts of capital murder." Menter, 2012 WL 3964481, at *1.

[2] Petitioner alleges that he sought and was denied certification by the Supreme Court of New Jersey on February 28, 2000, see id. at 30, although the online records of the New Jersey Supreme Court do not contain such a decision. This Court presumes, without making a factual finding to that effect, that Petitioner's assertion is correct, and the online records contain an inadvertent omission.

Petitioner did not seek certiorari from the United States Supreme Court as to his direct appellate challenges. See id. at 3. Rather, eleven years later, i.e., on January 14, 2010, he filed an application for post-conviction relief ("PCR") asserting that the untimeliness of his submission should be excused under the "excusable neglect" doctrine applicable to state PCR proceedings. See id. at *2-3. The Law Division disagreed and dismissed his application as untimely. See id. *1, 3. The Appellate Division affirmed. See id. at *3. On March 27, 2013, the Supreme Court of New Jersey denied certification as to his PCR challenges. See State v. Menter, 213 N.J. 389 (Mar. 27, 2013). Five months later, i.e., on September 5, 2013, Petitioner executed his petition at bar. See ECF No. 1, at 30. Reflecting on the untimeliness of this petition, he stated, "[i]n August of 2003, [I] was transferred to Florida via an interstate compact [and] did not return back to the State of New Jersey until November 17, 2007." Id.[3]

Here, Petitioner's AEDPA period was triggered 90 days after the Supreme Court of New Jersey denied him certification as to his direct appellate challenges, i.e., on May 27, 2000, and expired on May 26, 2001. Petitioner's PCR application, filed almost nine years after that expiration date is of no relevance to this Court's timeliness analysis, see Long v. Wilson, 393 F.3d 390, 394-95 (3d Cir. 2004), and – in any event – that PCR application could not have had any statutory tolling effect being dismissed by the state courts as untimely under the state law. See Artuz v. Bennett, 531 U.S. 4, 8-9 (2000); Jenkins v. Superintendent of Laurel Highlands, 705 F.3d 80, 84-88 and nn. 6 and 8 (3d Cir. 2013); see also Evans v. Chavis, 546 U.S. 189 (2006). Thus, absent equitable tolling, the petition at bar is subject to dismissal as untimely.

---

[3]  The § 2254 petition form utilized by Petitioner included a detailed discussion of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No 104-132, 110 Stat. 1214, and indicated that Petitioner had been duly apprised of the operation of the AEDPA's statute of limitations. See ECF No. 1, at 29.

"A litigant seeking equitable tolling bears the burden of establishing two elements: (a) that he has been pursuing his rights diligently, and (b) that some extraordinary circumstance stood in his way." Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005); accord Holland v. Florida, 560 U.S. 631 (2010). Federal equitable tolling is triggered only when "the principles of equity would make the rigid application of a limitation period unfair, such as when a state prisoner faces extraordinary circumstances that prevent him from filing a timely habeas petition and the prisoner has exercised reasonable diligence in attempting to investigate and bring his claims." LaCava v. Kyler, 398 F.3d 271, 275-276 (3d Cir. 2005); see also Holland, 560 U.S. at 649 (citing Pace, 544 U.S. at 418).[4] In addition, even where extraordinary circumstances do exist, "if the person seeking equitable tolling has not exercised reasonable diligence in attempting to file after the extraordinary circumstances began, the link of causation between the extraordinary circumstances and the failure to file is broken, and the extraordinary circumstances therefore did not prevent timely filing." Brown v. Shannon, 322 F.3d 768, 773 (3d Cir. 2003) (quoting Valverde v. Stinson, 224 F.3d 129, 134 (2d Cir. 2000)).

Here, Petitioner offers this Court no viable basis for equitable tolling. His four-year housing in Florida cannot qualify as extraordinary circumstances,[5] and nothing in the petition suggests that he exercised reasonable diligence in attempting to investigate and bring his § 2254 claims. Therefore, this Court is constrained to dismiss his petition as untimely.[6] However,

---

[4] Unlike in state fora, a litigant's excusable neglect is insufficient to trigger equities for the purposes of federal habeas review. See Merritt v. Blaine, 326 F.3d 157, 168 (3d Cir. 2003); Jones v. Morton, 195 F.3d 153, 159 (3d Cir. 1999).

[5] Moreover, Petitioner's Florida housing started more than two years after his AEDPA period expired and ended almost six years prior to his execution of the petition at bar.

[6] Having made this filing, the Court is obligated to determine whether the Petition, as filed, warrants issuance of a certificate of appealability ("COA"). A COA may issue only if the is a substantial showing of the denial of a constitutional right. See 28 U.S.C. § 2253(c)(2). "When

mindful of the Court of Appeals' guidance that district courts should provide petitioners with notice and an opportunity to respond, see United States v. Bendolph, 409 F.3d 155, 169 (3d Cir. 2005) (en banc), the Court will retain jurisdiction over this matter for sixty days to allow Petitioner one final opportunity to state his grounds for equitable tolling, if any (covering the *entire* May 26, 2001 to September 5, 2013 period and establishing his *continuous* extraordinary circumstances and his *continuous* diligence in attempting to bring his federal habeas claims timely).

**IT IS**, therefore, on this 2nd day of May, 2014,

**ORDERED** that the petition, ECF No. 1, is dismissed; and it is further

**ORDERED** that no certificate of appealability shall issue; and it is further

**ORDERED** that the Clerk shall close the file on this matter by making a new and separate entry on the docket reading, "CIVIL CASE CLOSED"; and it is further

**ORDERED** that this Court retains jurisdiction over this matter for the period of sixty days; and it is further

**ORDERED** that, if Petitioner has grounds for equitable tolling in accordance with the guidance provided to him herein, Petitioner shall file, within thirty days from the date of entry of this Memorandum Opinion and Order, a written statement detailing these grounds; and it is further

---

the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000). Here, jurists of reason would not find this Court's procedural disposition debatable.

**ORDERED** that, if Petitioner files a written statement in accordance with the terms of this Memorandum Opinion and Order, the Court will direct the Clerk to reopen this matter and will address Petitioner's grounds; and it is finally

**ORDERED** that the Clerk shall serve this Memorandum Opinion and Order upon Petitioner by regular U.S. mail.

    __s/ Stanley R. Chesler_____
**STANLEY R. CHESLER**
United States District Judge