# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| WILLIAM MENTER,<br><br>Petitioner,<br><br>v.<br><br>CHARLES WARREN, et al.,<br><br>Respondents. | Civil Action No. 13-5758 (SRC)<br><br>MEMORANDUM OPINION |

This matter has been opened to the Court by Petitioner's filing of motion pursuant to Fed. R. Civ. P. 60(b). (ECF No. 3.) For the reasons explained in this Memorandum Opinion, the Court will deny the motion.

The Court recounts only the facts necessary to the instant motion. Petitioner's habeas Petition was submitted for filing on March 25, 2013. (ECF No. 1.) By Opinion and Order dated May 2, 2014, the Court dismissed the Petition without prejudice as untimely under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), finding that Petitioner's AEDPA period expired on May 26, 2001, and that Petitioner was not entitled to statutory tolling for his PCR petition, which was filed nine years after the expiration of the AEDPA period. (ECF No. 2, Opinion and Order at 2.) The Court also determined that Petitioner had no viable basis for equitable tolling, finding that Petitioner's transfer to Florida from 2003 until 2007 did not amount to extraordinary circumstances that would warrant equitable tolling.[1] (Id. at 3.) The

---

[1] The Court noted that Petitioner's transfer to Florida occurred two years after his AEDPA period expired and ended six years prior to the execution of his habeas petition. (Id. at 3, n. 5.)

1

Court dismissed the Petition without prejudice, denied a certificate of appealability ("COA"), and provided Petitioner with sixty days in which to state his grounds for equitable tolling. (*Id.* at 3-4.) Petitioner did not file a response within the timeframe provided by the Court.

Two years and seven months later, Petitioner filed the instant motion under Rule 60(b). (ECF No. 3.) Petitioner argues that he is entitled to equitable tolling because he "was on medication during most of the time [he] was incarcerated" and was "separated from [his] legal materials." With respect to the latter, Petitioner elaborates that he was incarcerated in Florida from 2003 until 2007, and was in restrictive housing in the New Jersey prison system, and did not have his legal materials during these periods.[2] (*Id.*)

Rule 60(b) provides, in relevant part, that relief from judgment may be granted on the following grounds:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

Fed. R. Civ. P. 60(b). The general purpose of the Rule is "to strike a proper balance between the conflicting principles that litigation must be brought to an end and that justice must be done." *Boughner v. Sec'y of Health, Educ. and Welfare*, 572 F.2d 976, 977 (3d Cir. 1978). "The decision to grant or deny relief pursuant to Rule 60(b) lies in the 'sound discretion of the trial court guided by accepted legal principles applied in light of all the relevant circumstances.'"

---

[2] Petitioner also contends that he filed a timely appeal of the Court's dismissal of his Petition and the denial of a COA (ECF No. 3, at 1); the Court has found no record of such an appeal.

2

*United States v. Hernandez*, 158 F.Supp.2d 388, 392 (D. Del. 2001) (quoting *Ross v. Meagan*, 638 F.2d 646, 648 (3d Cir. 1981)).

"All motions filed pursuant to Rule 60(b) must be made within a 'reasonable time.'" *In re Diet Drugs (Phentermine/Fenfluramine/Dexfenfluramine) Prod. Liab. Litig.*, 383 F. App'x 242, 246 (3d Cir. 2010). "What constitutes a 'reasonable time' under Rule 60(b) is to be decided under the circumstances of each case." *Id.* (citation omitted). A court considers many factors, including finality, the reason for delay, the practical ability for the litigant to learn of the grounds relied upon earlier, and potential prejudice to other parties. *Id.* (citation omitted). What constitutes a "reasonable time" also depends on the subsection of Rule 60(b) under which claimant is trying to proceed. Thus, claims made under clauses (1), (2), and (3) must be brought within one year of the entry of judgment to be timely, but even if they are, they may still be untimely if an unreasonable period of time has passed. *Moolenaar v. Gov't of Virgin Islands*, 822 F.2d 1346, 1346 (3d Cir.1987). Relief under Rule 60(b)(6) is extraordinary because it can be given for "any other reason justifying relief" and is not subject to an explicit time limit. *Coltec Indus. Inc. v. Hobgood*, 280 F.3d 262, 273 (3d Cir. 2002). Therefore, a claimant must establish exceptional circumstances justifying the delay for filing under Rule 60(b)(6).

Petitioner has brought his motion for relief under Rule 60(b)(1),(3) and (6). Here, any claims for relief under Rule 60(b)(1) and (3) are untimely. Although a claim for relief under Rule 60(b)(6) has no explicit time limit, Petitioner has provided <u>no basis</u> for the more than two-year delay in submitting his Rule 60(b) motion; nor has he provided any extraordinary circumstances

3

to excuse the delay. As such, the Court finds that his claim for relief under Rule 60(b)(6) is also untimely.[3]

The Court notes that Petitioner also appears to contend that he is entitled to relief under Rule 60(b) based on the Supreme Court's decision in *Martinez v. Ryan*, 566 U.S. ——, 132 S.Ct. 1309, 182 L.Ed.2d 272 (2012).[4] There, the Supreme Court held that "[w]here, under state law, claims of ineffective assistance of trial counsel must be raised in an initial-review collateral proceeding, [i.e., a collateral proceeding that provides the first occasion for a defendant to raise a claim that trial counsel was ineffective,] a procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective." *Id.* at 1320. *Martinez* effected a change in the Supreme Court's habeas corpus jurisprudence, which previously had not recognized a claim for ineffective assistance of counsel at the post-trial stage that would excuse procedural default of a petitioner's claim.[5]

---

[3] Even if the Court were to reach the merits of Petitioner's Rule 60(b) motion, the only additional facts Petitioner provides for equitable tolling are his vague assertions that he was on medication while he was incarcerated and that he was in restrictive housing while incarcerated in New Jersey. This additional information is insufficient to warrant equitable tolling.

[4] In his brief, Petitioner also cites to numerous cases regarding (1) the requirements for a COA, (2) the rules governing when a Rule 60(b) motion is a second or successive petition, and (3) the requirements to overcome procedural default; however, none of this legal analysis is relevant to the instant motion.

[5] In *Cox v. Horn*, 757 F.3d 113, 121-124 (3d Cir. 2014), the Third Circuit provided guidance for district courts considering *Martinez* issues in Rule 60(b) and habeas corpus motions. The court held that it has "not embraced any categorical rule that a change in decisional law is never an adequate basis for Rule 60(b)(6) relief." *Id.* at 121. Instead, it held "that intervening changes in the law rarely justify relief from final judgments under 60(b)(6)." *Id.* (citation omitted). As explained in this Memorandum Opinion, the Court did not dismiss the petition based on procedural default, and *Martinez* was decided before Petitioner filed his habeas Petition.

Here, *Martinez* is irrelevant because the Court dismissed the Petition as <u>untimely</u> under AEDPA and not due to the procedural default of any of his claims for relief. Furthermore, *Martinez* was decided on March 20, 2012, <u>prior to</u> the filing of the instant habeas petition on September 25, 2013, and Petitioner filed his Rule 60(b) Motion on January 6, 2017, nearly five years after *Martinez* was decided. As such, *Martinez* was the controlling law at the time Petitioner filed his habeas petition and would not provide a basis for a Rule 60(b) motion based on a change in decisional law.

For the reasons explained in this Memorandum Opinion, the Court will deny Petitioner's Rule 60(b) motion. An appropriate Order follows.

Stanley R. Chesler, U.S.D.J.